IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
:
In re: : Chapter 11
:
GLOBAL EAGLE ENTERTAINMENT : Case No. 20-11835 (___)
INC., *et al.*,[1] :
: (Joint Administration Requested)
Debtors. :
:
------------------------------------------------------- x

**MOTION OF DEBTORS FOR ENTRY OF ORDER
(I) AUTHORIZING DEBTORS TO FILE CONSOLIDATED
(A) CREDITOR MATRIX AND (B) TOP 30 CREDITORS LIST, (II) MODIFYING
REQUIREMENTS TO FILE A LIST OF, AND PROVIDE NOTICE TO, ALL
EQUITY HOLDERS, (III) AUTHORIZING REDACTION OF CERTAIN PERSONAL
IDENTIFICATION INFORMATION, AND (IV) GRANTING RELATED RELIEF**

Global Eagle Entertainment Inc. ("**GEE**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (this "**Motion**"):[2]

**RELIEF REQUESTED**

1.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (a) authorizing the Debtors to file a consolidated (i) list of creditors (the "**Consolidated Creditor Matrix**") in lieu of submitting a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Global Eagle Entertainment Inc. (7800), Airline Media Productions, Inc. (2314), Emerging Markets Communications, LLC (0735), Entertainment in Motion, Inc. (3908), Global Eagle Entertainment Operations Solutions, Inc. (3375), Global Eagle Services, LLC (7899), Global Eagle Telecom Licensing Subsidiary LLC (2547), IFE Services (USA), Inc. (2120), Inflight Productions USA Inc. (8493), Maritime Telecommunications Network, Inc. (9974), MTN Government Services, Inc. (6069), MTN International, Inc. (8559), MTN License Corp. (0314), N44HQ, LLC (0570), Post Modern Edit, Inc. (6256), Row 44, Inc. (2959), and The Lab Aero, Inc. (9831). The Debtors' address is 6080 Center Drive, Suite 1200, Los Angeles, California 90045.

[2] The facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration (as defined below), filed contemporaneously herewith and incorporated herein by reference. Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the First Day Declaration.

separate mailing matrix for each Debtor and (ii) list of the Debtors' 30 largest unsecured creditors (the "**Consolidated Top 30 Creditors List**") in lieu of submitting a separate list for each Debtor; (b) modifying the requirement to file a list of, and provide notice to, all equity security holders; (c) authorizing the Debtors to redact certain personal identification information; and (d) granting related relief.

## JURISDICTION AND VENUE

2.	The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.	The statutory predicates for the relief requested herein are sections 105(a), 107, 363(b), and 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1007, 2002(m), 6004, 9006(b), 9007, and 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1001-1, 1007-1, 1007-2, 2002-1, and 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4.	Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

5.	On the date hereof (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue operating their businesses and managing their properties as debtors in

26804211.1

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

6. Contemporaneously with the filing of this Motion, the Debtors have filed with the Court a motion requesting joint administration of the Chapter 11 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

7. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Christian M. Mezger In Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**First Day Declaration**"), filed contemporaneously herewith and incorporated herein by reference.[3]

## BASIS FOR RELIEF REQUESTED

### I. CONSOLIDATED CREDITOR MATRIX IS APPROPRIATE AND SHOULD BE APPROVED

8. Section 521(a)(1)(A) of the Bankruptcy Code requires a debtor to file a list of creditors. 11 U.S.C. § 521(a)(1)(A).  Additionally, Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H."  Fed. R. Bank. P. 1007(a)(1).  Likewise, Local Rule 1007-2(a) requires a debtor to file, together with its voluntary petition, a list containing the name and complete address of each creditor.  Local Rule 2002-1(f)(v) further requires each debtor in jointly administered cases, or its duly retained claims and noticing agent, to maintain a separate creditor matrix for each debtor.  *See* Del. Bankr. L.R. 2002-1(f)(v).

---

[3] The First Day Declaration and other relevant case information is available on the following website maintained by the Debtors' proposed claims and noticing agent, Prime Clerk LLC: http://cases.primeclerk.com/GEE.

26804211.1

9. Local Rule 1001-1(c), however, authorizes the Court to modify the application of the Local Rules "in the interest of justice." Del. Bankr. L.R. 1001-1(c). Additionally, section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. The Debtors submit that permitting them to maintain the Consolidated Creditor Matrix, in lieu of filing a separate creditor matrix for each Debtor, is warranted in the Chapter 11 Cases. Requiring the Debtors to segregate and convert their computerized records to a Debtor-specific creditor matrix format would be an unnecessarily burdensome task and result in duplicate mailings. Furthermore, the Debtors have filed an application to retain and employ a claims and noticing agent contemporaneously with the filing of this Motion. If such application is granted, the claims and noticing agent will assist with, among other tasks, mailing of notices to parties. The Debtors believe that the Consolidated Creditor Matrix will be sufficient to allow their claims and noticing agent to provide notice to all creditors as well as applicable parties in interest during the Chapter 11 Cases, as required by Local Rule 1007-2.

## II. CONSOLIDATED TOP 30 CREDITORS LIST IS APPROPRIATE AND SHOULD BE APPROVED

11. Pursuant to Bankruptcy Rule 1007(d), a debtor must file, together with its voluntary petition, a list setting forth the names, addresses, and claim amounts of the creditors, excluding insiders, who hold the 20 largest unsecured claims in the debtor's case. *See* Fed. R. Bankr. P. 1007(d).

12. To provide the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") with a clearer picture of the Debtors' creditor constituency, however, the Debtors have prepared the Consolidated Top 30 Creditors List as opposed to a list of the 20 largest unsecured creditors for each Debtor. One of the primary purposes of filing a list of a debtor's

26804211.1

largest unsecured creditors is to facilitate the U.S. Trustee's evaluation of the types and amounts of unsecured claims asserted against a debtor so that the U.S. Trustee can make an informed decision when identifying potential candidates to serve on an official committee of unsecured creditors. Because the Debtors' significant unsecured creditors are captured on the Consolidated Top 30 Creditors List, it will provide the U.S. Trustee with a sufficiently clear picture of the Debtors' unsecured creditor constituency. In addition, the Consolidated Top 30 Creditors List will help alleviate administrative burdens, costs, and the possibility of duplicative service.

### III.     REQUIREMENT TO FILE A LIST OF AND TO PROVIDE NOTICE DIRECTLY TO EQUITY SECURITY HOLDERS SHOULD BE MODIFIED

13.     Bankruptcy Rule 1007(a)(3) provides that, "unless the court orders otherwise, the debtor shall file within 14 days after entry of the order for relief a list of the debtor's equity security holders," including last known addresses of each holder. Fed. R. Bank. P. 1007(a)(3). Bankruptcy Rule 2002(d) further provides that, "unless otherwise ordered by the court," notice of the order for relief shall be given to all equity security holders. Fed. R. Bankr. P. 2002(d); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

14.     The Debtors submit that modification of the requirement to file a list of equity security holders and provide notice of the order for relief and commencement of the Chapter 11 Cases to all such holders is appropriate. The Debtors propose to file a list of those equity security holders directly registered with the transfer agent for the Debtors' common equity (with instructions to serve down to beneficial holders, as applicable). As an initial matter, preparing a list of the equity security holders for GEE with last known addresses may have little value (as opposed to serving holders directly registered with the transfer agent). Further, to the extent that the Debtors were even able to ascertain such information, the list would ultimately serve little or

no incremental beneficial purpose, as the equity markets will have immediate notice of the Chapter 11 Cases through public news outlets and GEE's filing of a Form 8-K statement with the United States Securities and Exchange Commission (the "**SEC**"). The Debtors further submit that no equity holder will be adversely impacted by the relief sought herein because, among other things, if it becomes necessary for such equity security holders to file proofs of interest, the Debtors will provide them with particularized notice of the deadline and an opportunity to assert such interests. Thus, equity security holders will not be prejudiced, and a modification of the requirement that GEE file a list of equity security holders is appropriate.

15.     In addition, the Debtors request that they be permitted to modify the requirement to provide notice of the order for relief and commencement of the Chapter 11 Cases to all equity security holders. Instead, the Debtors propose to provide notice by: (a) serving equity security holders directly registered with the transfer agent for the Debtors' common equity (with instructions to serve down to beneficial holders, as applicable); (b) publishing the notice of commencement on the Debtors' case website located at http://cases.primeclerk.com/GEE; and (c) filing a Form 8-K with the SEC within four business days following the Petition Date, notifying their investors and other parties of the commencement of the Chapter 11 Cases, as well as any other filings with the SEC, as necessary, and other public announcements. The Debtors submit that these efforts provide adequate notice to the equity security holders.

16.     The Court has granted similar relief in recent complex chapter 11 cases. *See, e.g.*, *In re GNC Holdings, Inc.*, No. 20-11662 (KBO) (Bankr. D. Del. June 15, 2020); *In re Pernix Sleep, Inc.*, No. 19-10323 (CSS) (Bankr. D. Del. Apr. 11, 2019); *In re Ciber, Inc.*, No. 17-10772 (BLS) (Bankr. D. Del. Apr. 28, 2017); *In re Hercules Offshore, Inc.*, No. 16-11685 (KJC) (Bankr. D. Del.

26804211.1

June 7, 2016); *In re Swift Energy Co.*, No. 15-12670 (MFW) (Bankr. D. Del. Jan. 5, 2016); *In re Radioshack Corp.*, No. 15-10197 (BLS) (Bankr. D. Del. Feb. 9, 2015).

### IV.  CERTAIN PERSONAL IDENTIFICATION INFORMATION CONTAINED IN CONSOLIDATED CREDITOR MATRIX SHOULD BE REDACTED

17. Although the public has a common law "right of access to judicial proceedings and records," *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. *See* 11 U.S.C. § 107(c); *see also Cendant*, 260 F.3d at 194 (noting the public's right of access "is not absolute") (citation and internal quotation marks omitted); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although the right of access is firmly entrenched, so also is the correlative principle that the right is not absolute.") (citation and internal quotation marks omitted).

18. Specifically, section 107 of the Bankruptcy Code enables a court to issue orders that protect parties from the potential harm that could result from disclosing confidential information. Section 107(b) of the Bankruptcy Code provides, in pertinent part, as follows:

> On the request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1); *see* Fed. R. Bankr. P. 9018 (same).

19. Additionally, section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

26804211.1

>    (A) Any means of identification (as defined in section 1028(d) of title 18 [of the United States Code]) contained in a paper filed, or to be filed, in a case under this title.
>
>    (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

20.  In addition, privacy protection regulations are being enacted in key jurisdictions. For instance, in 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "**CCPA**"), which provides individuals domiciled in California the right to request their collected personal information be deleted by entities subject to the regulation.[4] Violators risk injunctions and civil penalties of up to $2,500 for *each* violation and up to $7,500 for *each intentional* violation. Cal. Civ. Code § 1798.155. The CCPA applies to all for-profit entities doing business in California that collect and process consumers' personal data and satisfy one of the following criteria: (a) annual gross revenue in excess of $25 million; (b) buys, shares, receives, or sells the personal information of more than 50,000 consumers, households, or devices for commercial purposes; or (c) receives 50% or more of their annual revenues from selling consumers' personal information.[5] Cal. Civ. Code § 1798.140(c)(1). In addition, the European General Data Protection Regulation (the "**GDPR**"), which applies to all European Union member countries and protects all European Union member countries' citizens, imposes significant constraints on the disclosure of "personally identifiable information" (which includes home addresses of individuals). Violators of the GDPR risk severe penalties. If an organization is found

---

[4] In *Pier 1*, Judge Huennekens was aware that publishing certain unredacted documents on the docket could implicate serious CCPA issues: "the State of California has adopted very extensive privacy provisions that would cover something like this. And do we need -- I mean, and this does -- this company does business in California. I mean, they're going to be concerns there, are there not?" Hr'g Tr. 43:2–6, *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Mar. 13, 2020) [Docket No. 359].

[5] The Debtors' headquarters is located in California and the Debtors had annual gross revenue of approximately $657 million in 2019.

26804211.1

to have disclosed information in breach of the GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover of the preceding financial year. *See* General Data Protection Regulation (EU) 2016/679, art. 83(5). The GDPR may apply to the Debtors as certain of the Debtors' creditors, including employees, contract workers, debtholders, and equity holders who are located in member countries of the European Union and may therefore be European Union citizens protected by the personally identifiable information disclosure regulations.

21. The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in the Chapter 11 Cases the email addresses and home addresses of the Debtors' individual creditors (including employees) and equity security holders because disclosure risks violating the CCPA and GDPR, exposing the Debtors to potential civil liability and significant financial penalties. In addition, disclosing such information could be used by third parties, among other things, to perpetrate identity theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts. This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change addresses again for her safety. The Debtors propose to provide an unredacted version of the Consolidated Creditor Matrix and any other redacted, applicable filings to the Court, the U.S. Trustee, counsel to any statutory committee appointed in the Chapter 11 Cases, and other parties in interest upon reasonable request.

22. Courts in this jurisdiction and others have granted the relief requested herein in other comparable chapter 11 cases. *See*, *e.g.*, *In re Art Van Furniture, LLC*, No. 20-10553 (CSS)

(Bankr. D. Del. Mar. 10, 2020) (authorizing the debtors to redact personally identifiable information, including home address information, of the debtors' individual creditors and interest holders on the creditor matrix and similar documents filed with the court); *In re Melinta Therapeutics, Inc.*, No. 19-12748 (LSS) (Bankr. D. Del. Feb. 7, 2020) (authorizing the debtors to file under seal the portions of the creditor matrix, the schedules and statements, and any related affidavits of service containing the home addresses of the debtors' current employees); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (authorizing the debtors to redact personal identification information, including home address information, of all individuals on documents filed with the court); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) (same).[6]

23.  Recently, in addition to granting the requested relief, courts in this district have also stressed the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. In overruling an objection by the U.S. Trustee in *Art Van Furniture* to relief similar to that which is being requested herein, Chief Judge Sontchi noted that the proposed redaction is not a "burden of proof" issue so "much as a common sense issue." Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020) [Docket No. 82].[7] Judge Sontchi found that "at this point and given

---

[6] *See also In re Pipeline-Westlake Hospital, LLC d/b/a Westlake Hospital*, No. 19-11757 (KBO) (Bankr. D. Del. Aug. 6, 2019); *In re Hexion Holdings LLC*, No. 19-10684 (KG) (Bankr. D. Del. June 24, 2019; *In re Promise Healthcare Grp.*, LLC, No. 18-12491 (CSS) (Bankr. D. Del. Dec. 4, 2018); *In re Keystone Tube Co., LLC*, No. 17-11330 (LSS) (Bankr. D. Del. Jun. 20, 2017); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016).

[7] Similarly, Judge Sontchi previously overruled the U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon to be 2020—to put as little information out as possible about people's personal lives to present [sic] scams . . . [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) [Docket No. 112].

Notably, Judge Sontchi acknowledged that "the world is very different from [the 1980s] when you and I started practice with the problems of identity theft" and that his perspective had evolved in that he was not previously aware of "the dangers with this kind of information becoming public." *See* Hr'g Tr. at 45:25-46:2, 47:22–24.

26804211.1

the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id.* at 25:13–16. Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's objection, noting that

> [t]o me it is common sense. I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website . . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact individual's home addresses.

Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [Docket No. 146]. And, in *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [Docket No. 605].

24. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to seal, pursuant to 11 U.S.C. § 107(c)(1) and in compliance with the CCPA and the GDPR, personally identifiable information—including email addresses and home addresses—in respect of the Debtors' individual creditors (including employees) and interest holders who are listed on the Consolidated Creditor Matrix or any other document filed with the Court. Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could jeopardize the safety of individuals by publishing their home addresses.

---

The Debtors reserve the right to supplement the record with respect to such risks insofar as they are not self-evident in this instance. *Id*.

26804211.1

**RESERVATION OF RIGHTS**

25. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors or the existence of any lien against the Debtors' property; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to the Proposed Order once entered. Nothing contained in the Proposed Order will be deemed to increase, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

**NOTICE**

26. Notice of this Motion will be provided to (a) the U.S. Trustee (Attn: Timothy J. Fox, Jr.); (b) the holders of the 30 largest unsecured claims against the Debtors; (c) counsel to the prepetition first lien and proposed postpetition agent, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: David N. Griffiths and Bryan R. Podzius); (d) counsel to the ad hoc first lien group, (i) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166 (Attn: Scott J. Greenberg and Michael J. Cohen) and (ii) Pachulski, Stang, Ziehl & Jones LLP, 919 North Market Street # 1700, Wilmington, Delaware 19801 (Attn: Laura Davis Jones); (e) counsel to the second lien noteholder, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019 (Attn: Alan W. Kornberg); (f) counsel to the ad hoc convertible noteholder group, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, New York 10036 (Attn: Philip C. Dublin); (g) the United States Attorney's Office for the District of Delaware; (h) the Internal

Revenue Service; (i) the SEC; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion is seeking "first day" relief, the Debtors will serve copies of this Motion and any order entered in respect of this Motion as required by Local Rule 9013-1(m). The Debtors believe that no further notice is required.

[*Remainder of page left intentionally blank*]

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: July 22, 2020
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kara Hammond Coyle*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Betsy L. Feldman (No. 6410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mnestor@ycst.com
kcoyle@ycst.com
bfeldman@ycst.com

-and-

**LATHAM & WATKINS LLP**

George A. Davis (*pro hac vice* admission pending)
Madeleine C. Parish (*pro hac vice* admission pending)
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: george.davis@lw.com
madeleine.parish@lw.com

-and-

Ted A. Dillman (*pro hac vice* admission pending)
Helena G. Tseregounis (*pro hac vice* admission pending)
Nicholas J. Messana (*pro hac vice* admission pending)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email: ted.dillman@lw.com
helena.tseregounis@lw.com
nicholas.messana@lw.com

*Proposed Counsel for Debtors and Debtors in Possession*

26804211.1

# **EXHIBIT A**

**Proposed Order**

26804211.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
: 
In re: : Chapter 11
: 
GLOBAL EAGLE ENTERTAINMENT : Case No. 20-11835 (___)
INC., *et al.*,[1] :
: (Jointly Administered)
Debtors. :
: **Re: Docket No.**
---------------------------------------------------------- x

**ORDER (I) AUTHORIZING DEBTORS TO FILE CONSOLIDATED (A) CREDITOR MATRIX AND (B) TOP 30 CREDITORS LIST, (II) MODIFYING REQUIREMENTS TO FILE A LIST OF, AND PROVIDE NOTICE TO, ALL EQUITY HOLDERS, (III) AUTHORIZING REDACTION OF CERTAIN PERSONAL IDENTIFICATION INFORMATION, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order (a) authorizing the Debtors to file (i) the Consolidated Creditor Matrix and (ii) the Consolidated Top 30 Creditors List, (b) modifying the requirement to file a list of, and provide notice to, all equity security holders, (c) authorizing the Debtors to redact certain personal identification information, and (d) granting related relief, all as more fully set forth in the Motion; and this Court having reviewed the Motion and the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Global Eagle Entertainment Inc. (7800), Airline Media Productions, Inc. (2314), Emerging Markets Communications, LLC (0735), Entertainment in Motion, Inc. (3908), Global Eagle Entertainment Operations Solutions, Inc. (3375), Global Eagle Services, LLC (7899), Global Eagle Telecom Licensing Subsidiary LLC (2547), IFE Services (USA), Inc. (2120), Inflight Productions USA Inc. (8493), Maritime Telecommunications Network, Inc. (9974), MTN Government Services, Inc. (6069), MTN International, Inc. (8559), MTN License Corp. (0314), N44HQ, LLC (0570), Post Modern Edit, Inc. (6256), Row 44, Inc. (2959), and The Lab Aero, Inc. (9831). The Debtors' address is 6080 Center Drive, Suite 1200, Los Angeles, California 90045.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

26804211.1

*Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted, as set forth herein.

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized to submit the Consolidated Creditor Matrix. The requirements of section 521(a)(1)(A) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing matrices and lists of creditors be submitted for each Debtor are permanently waived.

4. The Debtors are authorized to file the Consolidated Top 30 Creditors List in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

5. The Debtors are authorized to file a list of equity holders directly registered with the transfer agent for the Debtors' common equity (with instructions to serve down to beneficial holders, as applicable) in satisfaction of Bankruptcy Rule 1007(a)(3).

6. The Debtors shall not be required to provide notice of the commencement of the Chapter 11 Cases to all equity security holders, but instead shall: (a) serve each equity security

holder directly registered with the transfer agent for the Debtors' common equity (with instructions to serve down to beneficial holders, as applicable); (b) publish the notice of commencement on the Debtors' case website located at http://cases.primeclerk.com/GEE; and (c) file a Form 8-K with the SEC within four business days following the Petition Date, notifying their investors and other parties of the commencement of the Chapter 11 Cases.

7. The Debtors are authorized to redact (a) the home addresses of individuals listed on the Consolidated Creditor Matrix, Schedules and Statements, or other document filed with the Court and (b) names and address information in respect of individuals protected by the GDPR. The Debtors shall provide an unredacted version of the Consolidated Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Order to (i) this Court, the U.S. Trustee, and counsel to any statutory committee appointed in the Chapter 11 Cases, (ii) any party in interest upon a request to the Debtors (email is sufficient) or to this Court that is reasonably related to the Chapter 11 Cases, subject to the restrictions of the CCPA and the GDPR, or as otherwise ordered by this Court; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

8. Nothing in this Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual solely because such individual's personally identifiable information is sealed or redacted pursuant to this Order. Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Order shall be confirmed in the corresponding certificate of service. The Debtors shall provide the personally identifiable information to any party in interest that files a motion that

indicates the reason such information is needed and that, after notice and a hearing, is granted by this Court.

9. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

26804211.1