**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| GLOBAL EAGLE ENTERTAINMENT ) | |
| INC., *et al.*,[1] ) | Case No. 20-11835 (JTD) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | **Related Docket No. 428** |

**OBJECTION OF TELSTRA INCORPORATED TO THE SUPPLEMENTAL NOTICE
OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Telstra Incorporated ("Telstra"), by and through its undersigned counsel, hereby objects (the "Objection") to the *Supplemental Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 428] (the "Cure Notice"),[2] and in support thereof states as follows:

**BACKGROUND**

1.  On July 22, 2020 (the "Petition Date"), Global Eagle Entertainment Inc. and its debtor affiliates (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), commencing the above-captioned chapter 11 cases (the "Chapter 11 Cases").

---

[1] The Debtors in these jointly administered cases along with the last four digits of each Debtor's federal tax identification number are: Global Eagle Entertainment Inc. (7800), Airline Media Productions, Inc. (2314), Emerging Markets Communications, LLC (0735), Entertainment in Motion, Inc. (3908), Global Eagle Entertainment Operations Solutions, Inc. (3375), Global Eagle Services, LLC (7899), Global Eagle Telecom Licensing Subsidiary LLC (2547), IFE Services (USA), Inc. (2120), Inflight Productions USA Inc. (8493), Maritime Telecommunications Network, Inc. (9974), MTN Government Services, Inc. (6069), MTN International, Inc. (8559), MTN License Corp. (0314), N44HQ, LLC (0570), Post Modern Edit, Inc. (6256), Row 44, Inc. (2959), and The Lab Aero, Inc. (9831). The Debtors' address is 6080 Center Drive, Suite 1200, Los Angeles, California 90045.

[2] Capitalized terms that not defined herein have the meanings in the Cure Notice.

1.  On July 24, 2020, the Debtors filed the Bidding Procedures Motion. On August 19, 2020, the Court entered the Bidding Procedures Order [Docket No. 239], approving, among other things, the Bidding Procedures, which establish key dates and times relating to the Sale and the Auction, and the Assumption and Assignment Procedures.

2.  Prior to the Petition Date, Telstra and debtor Emerging Market Communications, LLC ("EMC") were parties to that certain Global Services Agreement, effective as of November 2, 2016, together with certain schedules thereto (the "Contract").

3.  On September 28, 2020, the Debtors filed the Cure Notice attaching a schedule of executory contracts for potential assumption or assumption and assignment with proposed cure costs ("Exhibit 1"). Included on Exhibit 1 is the Contract and proposed cure costs of $153,140.74. *See* Cure Notice, Exhibit 1, p. 441.

4.  The amounts set forth in the Cure Notice do not accurately reflect the total balances owing under the Contract. Contrary to the Debtors' Exhibit 1, as of the September 30, 2020, EMC owed a total of $194,892.83 to Telstra under the Contract (the "Cure Obligations"). Of that amount, $129,124.62 relates to prepetition periods and $65,768.21 relates to postpetition periods.

5.  A summary of the Cure Obligations owed to Telstra through September 30, 2020 is annexed hereto as Exhibit A and additional documentation is available upon request to the undersigned counsel.

6.  For the avoidance of doubt, additional amounts continue to accrue under the Contract, including, but not limited to interest and attorneys' fees.

**OBJECTION**

7. Section 365 of the Bankruptcy Code provides in pertinent part:

> (b)(1)  If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease the trustee –
>
> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . .

8. Currently, the Debtors are in default of the terms of the Contract. Telstra disagrees and objects to the Cure Amount as set forth on the Cure Notice. As of September 30, 2020, Telstra is owed $194,892.83, plus interest, costs, and attorneys' fees with respect to the Contract with Debtor EMC.

9. The Debtors are required by the plain language of Bankruptcy Code section 365(b)(1)(A) to pay (or provide adequate assurance that they will promptly pay) the full cure amount, including all amounts that may accrue through the date of any sale closing and contract assumption or assignment.

10. The Contract and stated Cure Obligations represent the amounts currently due and owing to Telstra under the Contract, however, this amount will likely continue to increase prior to any actual date of assumption and assignment of the Contract. Accordingly, Telstra expressly reserves the right to amend and/or supplement this Objection and the Cure Obligations from time to time and at any time.

11. Therefore, Telstra objects to the Debtors' proposed Cure Amount set forth in the Cure Notice and respectfully requests that the Debtors be required to pay, upon any assumption or assumption and assignment of the Contract, the total Cure Obligations and all outstanding attorneys' fees, costs, and other charges, as of the date of the assumption and/or assignment.

**RESERVATION OF RIGHTS**

12. Telstra reserves the right to supplement and/or amend this Objection from time to time and at any time. Further, Telstra reserves any and all rights to raise any additional objections with respect to the Sale Motion, including but not limited to: (i) any additional objections with respect to any potential sale of the Debtors' assets, including the Contract; (ii) any additional objections with respect to any potential assumption and assignment of the Contract, on any and all grounds under section 365 of the Bankruptcy Code or as otherwise may be available to Telstra, including, but not limited to, sufficient adequate assurance of future performance of any buyer of the Debtors' assets and/or the assignability of the Contract; and/or (iii) any and all other objections with respect to the relief requested in the Sale Motion and/or such relief that may subsequently be sought by the Debtors to be granted pursuant to any order(s) granting the Sale Motion or otherwise, as such requested relief relates to the Contract and/or the interests of Telstra.

WHEREFORE, based on the foregoing, (i) Telstra requests the entry of an order prohibiting the assumption and/or assignment of the Contract unless all amounts owed under the Contract are paid in accordance with Bankruptcy Code section 365, as of the date of the assumption; and (ii) granting such further relief as the Court deems just and proper.

Dated: October 8, 2020
      Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Matthew P. Ward*
Matthew P. Ward (Del. Bar No. 4471)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com

-and-

**KLESTADT WINTERS JURELLER SOUTHARD & STEVENS, LLP**
Sean C. Southard
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone (212) 679-5320
Email: ssouthard@klestadt.com

*Counsel to Telstra Incorporated*