## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GLOBAL EAGLE ENTERTAINMENT INC., *et al.*,[1] | ) Case No. 20-11835 (JTD) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Re: Docket No. 407** |
| | ) |
| | ) <u>**Objection Deadline**</u>: October 8, 2020 at 4:00 p.m. ET |
| | ) |
| | ) <u>**Hearing Date**</u>: To be determined |

**OBJECTION OF BMG RIGHTS MANAGEMENT (US), LLC TO FIRST MONTHLY APPLICATION OF LATHAM & WATKINS LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JULY 22, 2020 THROUGH AUGUST 31, 2020**

BMG Rights Management (US), LLC ("<u>BMG</u>"), by and through its undersigned counsel, hereby submits this objection (the "<u>Objection</u>") to the *First Monthly Application of Latham & Watkins LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel to Debtors and Debtors in Possession for the Period from July 22, 2020*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Global Eagle Entertainment Inc. (7800), Airline Media Productions, Inc. (2314), Emerging Markets Communications, LLC (0735), Entertainment in Motion, Inc. (3908), Global Eagle Entertainment Operations Solutions, Inc. (3375), Global Eagle Services, LLC (7899), Global Eagle Telecom Licensing Subsidiary LLC (2547), IFE Services (USA), Inc. (2120), Inflight Productions USA Inc. (8493), Maritime Telecommunications Network, Inc. (9974), MTN Government Services, Inc. (6069), MTN International, Inc. (8559), MTN License Corp. (0314), N44HQ, LLC (0570), Post Modern Edit, Inc. (6256), Row 44, Inc.(2959), and The Lab Aero, Inc. (9831). The Debtors' address is 6080 Center Drive, Suite 1200, Los Angeles, California 90045.

*Through August 31, 2020* [Docket No. 407] (the "Application").[2]  In support of this Objection, BMG respectfully states as follows:

## PRELIMINARY STATEMENT

1. The instant proceeding has been pre-arranged for the benefit of Debtors' first lien lenders. Their plan is to transfer the Debtors' business to the first lien lenders through a prompt Section 363 bankruptcy sale under which the first lien lenders will credit bid their debt to purchase the Debtors' assets and thereby wipe out all junior creditors and equity interest holders.

2. BMG is owed an outstanding $3.5 million by Debtor Global Eagle Entertainment ("GEE") in connection with a settlement the parties reached and that arose from BMG's allegations of copyright infringement against GEE. If the Debtors' and first lien lenders prearranged deal comes to fruition, BMG's interests as an unsecured creditor will become valueless.

3. And yet, the law firm of Latham & Watkins LLP ("Latham"), bankruptcy co-counsel for the Debtors herein, has filed its first monthly application for allowance of compensation of services rendered and for reimbursement of expenses seeking compensation in the amount of $2,423,423.50 (and requests payment of 80% of that amount, or $1,938,738.80) plus reimbursement of $34,993.56 of expenses.

4. BMG objects to the Application in which Latham seeks such compensation in the Application for six (6) months' of work on a pre-packaged bankruptcy where the plan is to essentially allow some banks, who all had their own lawyers working on this deal for months, to foreclose on GEE in a way and take it over while stiffing every single unsecured creditor. While there is an expedited bidding process in place, it is immoral for Latham to ask, during the current Covid-19 pandemic, to be paid the excessive amount of $2.5 million.

5. Moreover, for the reasons set forth below, Latham's compensation as set forth in the Application should be denied (or, in the alternative, reduced) because:

---

[2]  Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in, as applicable, the Application.

      a)    Latham staffed eighty-five (85) attorneys – twenty-five (25) partners, six (6) counsel and thirty-six (36) associates – and eighteen (18) paraprofessionals on this case, resulting in significant duplication of efforts and numerous unnecessary internal communications and conferences. As set forth more fully below, these duplicative and unnecessary charges cannot be considered reasonable or necessary to the administration of these cases and Latham should not be compensated for these charges.

      b)    In contravention of local rules, Latham failed to provide detail to support many time entries. The lack of detail makes it difficult to determine whether the work performed was necessary and appropriate.

      c)    Timekeepers also submitted duplicative time entries for the same date and payment for such duplicative entries should be denied.

6. Therefore, as more fully set forth below, the Application should be properly denied.

## BACKGROUND

7. On July 22, 2020 (the "Petition Date"), each of the Debtors commenced a case (collectively, the "Chapter 11 Cases") by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Chapter 11 Cases are being jointly administered.

8. On August 5, 2020, pursuant to Bankruptcy Code section 1102, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Chapter 11 Cases [Docket No. 109] (the "Committee").

9. On August 27, 2020, the Court entered the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order"). [Docket No. 262]

10. The Interim Compensation Order provides that on or after the 5th day of each calendar month, following the month for which compensation is sought, Latham may file with the Court an application for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months. The Application was Latham's first application for interim compensation.

3

11.    Following service of a monthly fee application, noticed parties may file an objection to a monthly fee application on or before 4:00 p.m. on the 20th day following the date the fee application is filed.  If an objection is properly filed and the parties are unable to reach a consensual resolution, Latham may either (i) file a response to the Objection with a request for payment of any portion of the amounts subject to the objection, or (ii) forego payment of such amounts until the next hearing to consider the fee application at which time this Court will adjudicate any unresolved objections.

12.    On August 28, 2020, the Courter entered the Order Authorizing the Employment and Retention of Latham & Watkins LLP as Bankruptcy Co-Counsel Effective as of the Petition Date (the "Retention Order").  [Docket No. 276]

13.    In addition to retaining Latham, the Debtors pursuant to various court orders have retained the following professionals: (i) Alvarez & Marsal as financial advisors [Docket No. 265], (ii) Young Conaway Stargatt & Taylor, LLP as co-counsel [Docket No. 267], (iii) PricewaterhouseCoopers LLP as tax advisors [Docket No. 277], and (iv) Greenhill & Co., LLC as investment banker [Docket No. 278].

**OBJECTION**

**A.    Standard for Awarding Request for Compensation**

14.    As this Court is aware, when analyzing the allowance and reasonableness of compensation sought by counsel to the Debtor, the Court "shall consider the nature, the extent, and the value of such services, taking into account all relevant factors including - -

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered towards the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise had demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

15. Section 330 of the Bankruptcy Code further provides that: "the court shall not allow compensation for - -

(i) unnecessary duplication of services; or

(ii) services that were not—

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

11 U.S.C. § 330(a)(4)(a)(i) and (ii).

16. Moreover, the professional bears the burden of proof of establishing that fees were for actual necessary, and reasonable services rendered. *See*, *e.g.*, *In re Fleming Co., Inc.*, 304 B.R. 85, 89 (Bankr. Del. 2003) (citing *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253 (3d Cir. 1995)). Having *multiple* attorneys staffed on a case working on the same matters does not on its face appear efficient and the reason for such high levels of staffing must be justified and explained by Latham. *See In re Fleming*, 304 B.R. at 91-92.

17. In reviewing fee requests of all professionals retained in a chapter 11 case, "the Court 'must protect the estate, lest overreaching attorneys or other professionals drain it of wealth which by right should inure to the benefit of unsecured creditors.'" *Id.* at 89; citing *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 883, 844 (3d Cir. 1994).

18. In order to assist a court and parties in interest in determining if a party has complied with the requirements of section 330, Rule 2016-2 of the Local Rules for the Bankruptcy Court for the District of Delaware ("Local Rule 2016-2") requires that the narrative portion of a fee request "shall inform the Court of circumstances that are not apparent from the activity descriptions" and

5

"reasons for the use of multiple professionals for a particular activity or reasons for substantial time billed relating to a specific activity." See Local Rule 2016-2(c)(iii). Additionally, Local Rule 2016-2(d) provides that a request for compensation, "shall include activity descriptions which shall be sufficiently detailed to allow the Court to determine whether at the time, or any portion thereof, is actual, reasonable and necessary and shall include … complete and detailed activity descriptions; … the subject matter (e.g., exclusivity motion, section 341 meeting); the activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing and the participant's role… ."

B. **The Fees and Expenses Set Forth in the Application Should Be Disallowed or Substantially Reduced Due to the Debtors' Failure to Satisfy the Standards for Awarding Compensation**

   i.   *Overstaffing Led to Unnecessary Duplication of Efforts and Intra-Office Communications*

19.   The Application should be denied to the extent the Application contains unnecessary and duplicative time entries.

20.   Latham assigned eighty-five (85) attorneys – twenty-four (24) partners, six (6) counsel and twenty-nine (29) associates – and twenty-six (26) paraprofessionals to this case. The number of professionals working on this case is excessive, unnecessary and unreasonable. Furthermore, this excessive staffing invariably leads to burdensome and often unproductive inter-office conferences among the various attorneys staffing the case. This case is not unique as evidenced by the large number of attorneys staffed on each matter and numerous inter-office conferences described in the Application, with specific examples highlighted below. The compensation allocated for these inter-office conferences should be disallowed or substantially reduced.

21.   <u>Asset Disposition</u>. Latham billed $478,911.00 to this project category with *twenty-five* (25) attorneys devoting 532.5 hours to reviewing, commenting or communicating on aspects of a potential sale, merger, or other disposition of the Debtors' assets, including coordination with

the Debtors' investment banker, Greenhill & Co., LLC, and pleadings related thereto. It is unclear how this benefit the Debtors' estates and, specifically, unsecured creditors such as BMG, or which estates it benefited.

22.    <u>Employment and Fee Applications</u>. Latham billed $142,051.00 to this project with *ten* (10) timekeepers recording 157.7 hours to these issues. It is difficult to discern why so many timekeepers were necessary for such a task as this clearly increased costs to the Debtors' estates.

23.    <u>Financing and Cash Collateral</u>. Latham billed $165,577.00 to this category. *Fifteen* (15) timekeepers billed 165.2 hours to reviewing the DIP financings, pleadings related thereto, and objecting to financing requests. The Application does not explain why the estates benefited from having so many persons dedicated to this task.

24.    <u>Litigation</u>. Latham billed $576,290.00 to this category with *twenty-five* (25) timekeepers recording time entries to these issues. Again, it is difficult to discern why so many timekeepers were necessary for such a task. Furthermore, time descriptions reveal multiple attorneys performing overlapping research, reviewing similar documents and conducting multiple inter-office conferences.

25.    In contravention of Local Rule 2016-2, Latham has not explained the "reasons for the use of multiple professionals for a particular activity" or why compensation for duplicative efforts should be granted in contravention of Bankruptcy Code section 330. *See* Local Rule 2016-2(c)(iii); 11 U.S.C. § 330(a)(4). Accordingly, fees requested that relate to time resulting from overstaffing and inter-office communications related thereto should be denied or substantially reduced.

    *ii.*    *Duplicative Time Entries Should Be Expunged*

26.    On August 6, 2020 timekeeper Markus von der Marwitz recorded 5.5 hours to "Research case law and precedent on objections and replies to objections to equity trading motion by Nantahala" *as well as* 4.0 hours on August 7, 2020 to "Research case law and precedent on objections and replies to objections to equity trading motion by Nantahala," 1.10 hours to "Research case law and precedent on objections and replies to objections to equity trading motion

by Nantahala" on August 8, 2020, *and* 3.90 hours to "Research case law and precedent on objections and replies to objections to equity trading motion by Nantahala" on August 9, 2020. These entries are identical and should be disallowed. *See e.g.*, *In re Fleming Companies, Inc.*, *supra*, 304 B.R. at 93 (citing *Zolfo, Cooper & Co.*, 50 F.3d at 260 (in capping rates of accounting firm, bankruptcy court noted that firm had "duplicated effort[s], used too many high-level personnel and submitted an incomplete fee application")).

## CONCLUSION

27. In light of the foregoing, BMG respectfully requests that the Court deny or, in the alternative, substantially reduce the fees sought in the Application consistent with the above described objections. If necessary to determine the reasonableness and allowance of the fees sought by Latham, BMG requests that the Court set and schedule an evidentiary hearing on the Application. BMG also requests that this Court enter any further and additional relief as this Court deems appropriate.

28. BMG expressly reserves the right to amend or supplement this Objection prior to or in connection with any hearing before the Court with respect to the Application or request for payment and to seek that any request for payment of the fees and expenses sought in the Application be disallowed.

Dated: October 8, 2020

/s/ Sean J. Bellew
Sean J. Bellew (#4072)
Bellew LLC
Red Clay Center at Little Falls
2961 Centerville Road, Suite 302
Wilmington, Delaware 19808
Telephone: (302) 353-4951
sjbellew@bellewllc.com

-and-

Gerard P. Fox (*pro hac vice forthcoming*)
Gerard Fox Law P.C.
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Telephone: (310) 441-0500
Facsimile: (310) 441-4447
gfox@gerardfoxlaw.com

*Attorneys for BMG Rights Management (US) LLC*