# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| GLOBAL EAGLE ENTERTAINMENT INC., *et al.*,[1] | Case No. 20-11835 (JTD) |
| Debtors. | (Jointly Administered) |
|  | Obj. Deadline: May 24, 2021 at 4:00 p.m. (ET) |
|  | Hearing Date: June 9, 2021 at 1:00 p.m. (ET) |

## PLAN ADMINISTRATOR'S SEVENTH
## OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

**(No Liability Claims, Reclassified Claims, Reduce and Allow Claims, and Reduce and Reclassify Claims)**

> **THIS OBJECTION SEEKS TO DISALLOW, EXPUNGE, AND/OR MODIFY CERTAIN CLAIMS. CLAIMANTS SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE SCHEDULES ATTACHED TO THIS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS.**

> *TO THE CLAIMANTS WHOSE RECLASSIFIED CLAIMS ARE SUBJECT TO THIS OBJECTION:*
>
> **\* YOUR SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTIONS THAT MAY BE FILED IN THE CHAPTER 11 CASES.**
>
> **\*\* THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE RIGHTS OF THE PLAN ADMINISTRATOR TO PURSUE FURTHER OBJECTIONS AGAINST THE RECLASSIFIED CLAIMS.**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Global Eagle Entertainment Inc. (7800), Airline Media Productions, Inc. (2314), Emerging Markets Communications, LLC (0735), Entertainment in Motion, Inc. (3908), Global Eagle Entertainment Operations Solutions, Inc. (3375), Global Eagle Services, LLC (7899), Global Eagle Telecom Licensing Subsidiary LLC (2547), IFE Services (USA), Inc. (2120), Inflight Productions USA Inc. (8493), Maritime Telecommunications Network, Inc. (9974), MTN Government Services, Inc. (6069), MTN International, Inc. (8559), MTN License Corp. (0314), N44HQ, LLC (0570), Post Modern Edit, Inc. (6256), Row 44, Inc. (2959), and The Lab Aero, Inc. (9831). The Debtors' address is 1821 E. Dyer Road, Suite 125, Santa Ana, California 92705.

Alvarez & Marsal North America, LLC, as plan administrator (the "**Plan Administrator**") for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") respectfully represents as follows in support of this objection (this "**Objection**"):

## RELIEF REQUESTED

1.  By this Objection, the Plan Administrator seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"): (a) disallowing and expunging certain claims for which the Debtors are not liable (the "**No Liablity Claims**") identified on Schedule 1 to the Proposed Order; (b) reclassifying certain claims the Plan Administrator believes should be reclassified or partially reclassified (the "**Reclassified Claims**") identified on Schedule 2 to the Proposed Order; (c) reducing and allowing certain claims that are in excess of the liabilities reflected on the Debtors' books and records (the "**Reduce and Allow Claims**") identified on Schedule 3 to the Proposed Order; and (d) reducing and reclassifying certain claims that are in excess of the liabilities reflected on the Debtors' books and records and that the Plan Administrator believes should be reclassified or partially reclassified (the "**Reduce and Reclassify Claims**" and, together with the No Liability Claims, Reclassified Claims, and Reduce and Allow Claims, the "**Disputed Claims**") identified on Schedule 4 to the Proposed Order.  In support of this Objection, the Plan Administrator relies on (a) the *Declaration of Christian M. Mezger in Support of Plan Administrator's Seventh Omnibus Objection to Claims (Substantive)* (the "**Mezger Declaration**"), attached hereto as **Exhibit B**; and (b) the *Declaration of Paul Kinealy in Support of Plan Administrator's Seventh Omnibus Objection to Claims (Substantive)* (the "**Kinealy Declaration**"), attached hereto as **Exhibit C**.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

28108423.1

2

the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are section 502 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

4.  Pursuant to Local Rule 9013-1(f), the Plan Administrator, on behalf of the Debtors, consents to the entry of a final order or judgment by the Court in connection with this Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

5.  On July 22, 2020 (the "**Petition Date**"), the Debtors commenced with the Court voluntary cases (the "**Chapter 11 Cases**") under chapter 11 of the Bankruptcy Code.  From the Petition Date through the Effective Date (as defined below), the Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On August 5, 2020, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors in the Chapter 11 Cases [Docket No. 109] (the "**Creditors' Committee**").  No trustee has been appointed in the Chapter 11 Cases.  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.  On August 19, 2020, the Court entered an order [Docket No. 239] (the "**Bidding Procedures Order**") approving bidding procedures for a sale of substantially all of

the Debtors' assets (the "**GEE Sale**") and authorizing the Debtors to enter into an asset purchase agreement with the Stalking Horse Bidder (as defined in the Bidding Procedures Order), subject to higher or otherwise better offers at the Auction (as defined in the Bidding Procedures Order). On October 7, 2020, after receiving no alternative qualified bids, the Debtors filed the *Notice of Auction Cancellation and Successful Bidder* [Docket No. 462], designating the Stalking Horse Bidder as the successful bidder. On October 15, 2020, the Court entered an order [Docket No. 518] (the "**GEE Sale Order**") approving the GEE Sale. On February 18, 2021, the Debtors filed a motion [Docket No. 800] seeking approval of a sale of their enterprise/NGO business to Marlink AS (the "**Marlink Sale**"). On March 9, 2021, the Court entered an order [Docket No. 839] (the "**Marlink Sale Order**") approving the Marklink Sale. The GEE Sale and Marlink Sale both closed on March 23, 2021. *See* Docket No. 867.

7. On November 13, 2020, the Debtors filed the *Joint Plan of Liquidation for Global Eagle Entertainment Inc. and Its Affiliate Debtors Under Chapter 11 of the Bankruptcy Code* [Docket Nos. 577, 640, 649 & 658] (as has been and may be further amended, restated, supplemented, or otherwise modified from time to time, the "**Plan**")[2] and *Disclosure Statement for Joint Plan of Liquidation for Global Eagle Entertainment Inc. and Its Affiliate Debtors Under Chapter 11 of the Bankruptcy Code* [Docket Nos. 578, 641, 650 & 659] (as has been and may be further amended, restated, supplemented, or otherwise modified from time to time, the "**Disclosure Statement**"). The Plan effectuates and includes settlements reached with the key creditor constituencies in the Chapter 11 Cases: the Creditors' Committee, the Ad Hoc DIP and First Lien Lender Group, and the Searchlight Parties, ensuring, among other things, certain recovery for unsecured claimants pursuant to the Plan. By order, dated December 14, 2020

---

[2] Capitalized terms used but not otherwise defined have the meanings ascribed to such terms in the Plan.

28108423.1

[Docket No. 645], the Court approved the adequacy of the information contained in the Disclosure Statement and the Debtors commenced solicitation of the Plan shortly thereafter. On January 29, 2021, following a hearing, the Court entered an order confirming the Plan [Docket No. 753]. The Plan became effective on March 31, 2021 (the "**Effective Date**"), at which time the Plan Administrator was authorized to, among other things, retain, preserve, and distribute certain assets of the Debtors for the benefit of Holders of Allowed Claims. *See* Docket No. 888.

8. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the Disclosure Statement and the *Declaration of Christian M. Mezger In Support of Debtors' Chapter 11 Petitions and First Day Relief* [Docket No. 2] (the "**First Day Declaration**"), filed on the Petition Date.[3]

## BAR DATES

9. On October 5, 2020, the Court entered an order [Docket No. 449] (the "**Bar Date Order**") providing that, except as otherwise provided therein or another order of the Court, (a) all persons or entities (including individuals, partnerships, corporations, joint ventures, and trusts) that assert a Claim against the Debtors (including, for the avoidance of doubt, secured Claims, priority Claims, and Claims arising under section 503(b)(9) of the Bankruptcy Code) must file a Proof of Claim so that it is actually received on or before 4:00 p.m. (Eastern Time) on November 9, 2020 (the "**General Bar Date**"), and (b) all governmental units, as defined in section 101(27) of the Bankruptcy Code, must file a Proof of Claim so that it is actually received on or before 4:00 p.m. (Eastern Time) on January 19, 2021 (the "**Governmental Bar Date**").

---

[3] The Plan, Disclosure Statement, First Day Declaration, and other relevant case information is available on the following website maintained by the Debtors' claims and noticing agent, Prime Clerk LLC ("**Prime Clerk**"): http://cases.primeclerk.com/GEE.

28108423.1

10. The Bar Date Order also provides that if the Debtors amend or supplement the Schedules after the date of service of the Bar Date Notice (as defined in the Bar Date Order), then the Debtors must give notice of any such amendment or supplement to the Holders of Claims affected thereby, and such holders will be afforded the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 4:00 p.m. (Eastern Time) on the date that is 30 days from the date on which the Debtors provide notice of an amendment or supplement to the Schedules (which notice will include a reference to the Amended Schedules Bar Date) as the deadline by which claimants holding Claims affected by such filing, amendment, or supplement must file Proofs of Claim with respect to such Claims (the "**Amended Schedules Bar Date**"). To date, the Debtors have not made any such amendment or supplement to the Schedules.

11. Additionally, pursuant to the Bar Date Order, except as otherwise provided by another order of the Court, any person or entity that holds a Claim arising from the rejection of an executory contract or unexpired lease (a "**Rejection Damages Claim**") must file a Proof of Claim on account of such Rejection Damages Claim on or before the later of (a) the General Bar Date or the Governmental Bar Date, and (b) 4:00 p.m. on the date that is 30 days after service of an order authorizing rejection of an executory contract or unexpired lease pursuant to which the entity asserting the Rejection Damages Claim is a party (the "**Rejection Damages Bar Date**" and, together with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**"), which was April 30, 2021 for those executory contracts and unexpired leases rejected as of the Effective Date under the Plan.

**SCHEDULES, PROOFS OF CLAIM, AND CLAIMS RECONCILIATION**

12. On August 28, 2020 the Debtors filed their schedules of assets and liabilities and statements of financial affairs (collectively, and as may be modified, amended, or supplemented from time to time, the "**Schedules**") [Docket Nos. 281-314].

13. The Debtors' register of Claims (the "**Claims Register**"), maintained by Prime Clerk, indicates that approximately 650 Proofs of Claim have been filed in the Chapter 11 Cases alleging Claims against the Debtors.

14. In the ordinary course of business, the Debtors maintained books and records (the "**Books and Records**") that reflected, among other things, the nature and amount of the liabilities owed to their creditors. The Plan Administrator, the Debtors, and their professionals have continued to review, compare, and reconcile the Claims (including any supporting documentation) with the Schedules and Books and Records. This reconciliation process includes identifying particular categories of Claims that may be subject to objection. While this analysis and reconciliation is ongoing, the Plan Administrator has determined that the Disputed Claims should be disallowed and expunged for one or more reasons described below.

**A.    No Liablity Claims**

15. After reviewing each of the No Liability Claims and their supporting materials, as well as the the Books and Records which the Plan Administrator believes to be accurate, the Plan Administrator has determined that the Debtors are not liable with respect to the No Liability Claims identified on Schedule 1 to the Proposed Order. The primary basis for the Plan Administrator's objection to each of the No Liability Claims, respectively, is further explained in the column titled "Reason for Disallowance" on Schedule 1 to the Proposed Order.

16. Accordingly, the Plan Administrator requests that the No Liability Claims be disallowed and expunged in their entirety. Failure to disallow the No Liability Claims would result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates, to the detriment of creditors holding valid Claims in the Chapter 11 Cases.

**B.    Reclassified Claims**

17. The claimants asserting the Reclassified Claims identified on Schedule 2 to the Proposed Order asserted that all or a portion of their Claims are secured, entitled to a priority or administrative status, or in some instances, fall into multiple classes, as indicated in the columns titled "Priority Status" and "Amount" that are nested under the "Asserted Claims" columns on Schedule 2 to the Proposed Order. After reconciling the Reclassified Claims against the Books and Records, the Plan Administrator has determined that the priority level of the Reclassified Claims should be adjusted either in whole or in part.

18. Accordingly, the Plan Administrator requests that the Reclassified Claims be reclassified, as indicated in columns titled "Corrected Priority Status" and "Corrected Amount" on Schedule 2 to the Proposed Order.

**C.    Reduce and Allow Claims**

19. The Plan Administrator has reviewed each Reduce and Allow Claim on Schedule 3 to the Proposed Order and determined that although such Claims are in connection with valid Claims against the Debtors' estates, the amounts asserted on such Claims are in excess of the liabilities reflected in the Books and Records. Additionally, the claimants have not provided any documentation to support the Reduce and Allow Claims in the amounts asserted.

20. Accordingly, the Plan Administrator respectfully submits that the Reduce and Allow Claims should be reduced to reflect the liability actually reflected in the Books and Records.

Reducing the Reduce and Allow Claims to the amount reflected in the Books and Records will allow the Plan Administrator to maintain a Claims Register that more accurately reflects the full sum of Claims that have been properly asserted against the Debtors.

### D. Reduce and Reclassify Claims

21. The Plan Administrator has reviewed each Reduce and Reclassify Claim on Schedule 4 to the Proposed Order and determined that although such Claims are in connection with valid Claims against the Debtors' estates, the amounts asserted on such Claims are in excess of the liabilities reflected in the Books and Records. Additionally, the claimants have not provided any documentation to support the Reduce and Reclassify Claims in the amounts asserted.

22. The claimants asserting the Reduce and Reclassify Claims have also asserted that all or a portion of their Claims are secured, entitled to a priority or administrative status, or in some instances, fall into multiple classes, as indicated in the columns titled "Priority Status" and "Amount" that are nested under the "Asserted Claims" columns on Schedule 4 to the Proposed Order. After reconciling the Reduce and Reclassify Claims against the Books and Records, the Plan Administrator has determined that the priority level of the Reduce and Reclassify Claims should be adjusted either in whole or in part.

23. Accordingly, the Plan Administrator respectfully submits that the Reduce and Reclassify Claims should be reduced to reflect the liability actually reflected in the Books and Records. Reducing the Reduce and Reclassify Claims to the amount reflected in the Books and Records will allow the Plan Administrator to maintain a Claims Register that more accurately reflects the full sum of Claims that have been properly asserted against the Debtors. The Plan Administrator also requests that the Reduce and Reclassify Claims be reclassified, as indicated in

columns titled "Corrected Priority Status" and "Corrected Amount" on <u>Schedule 4</u> to the Proposed Order.

**BASIS FOR RELIEF REQUESTED**

24. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim. *See* 11 U.S.C. § 502(b).

25. Section 502(b)(1) of the Bankruptcy Code provides, in part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). While a properly filed proof of claim is prima facie evidence of the claim's allowed amount, when an objecting party rebuts a claim's prima facie validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). The burden of persuasion with respect to the claim is always on the claimant. *See Id*. at 174. Pursuant to Bankruptcy Rule 3007(d), a debtor is permitted to file omnibus objections to more than one claim on the bases enumerated therein, which include, among other things, that such claims "[do] not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance." Fed. R. Bankr. P. 3007(d)(6).

26. The Disputed Claims are unenforceable against the Debtors for the reasons set forth above. Therefore, pursuant to section 502(b)(1) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, the Plan Administrator respectfully requests that the Court enter the Proposed Order granting the relief requested herein.

**RESPONSES TO OBJECTION**

27. <u>Filing and Service of Responses</u>: To contest this Objection, a claimant must file and serve a written response to this Objection (a "**Response**") so that it is actually received by the Clerk of the Court and the parties in the following paragraph no later than **4:00 p.m. (ET) on May 24, 2021** (the "**Response Deadline**"). Claimants should locate their names and Disputed Claims on <u>Schedules 1</u>, <u>2</u>, <u>3</u> or <u>4</u> to the Proposed Order, and carefully review this Objection. A Response must address each ground upon which the Plan Administrator object to a particular Disputed Claim. A hearing to consider this Objection will be held on **June 9, 2021 at 1:00 p.m. (ET)**, before the Honorable John T. Dorsey, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801 (the "**Hearing**").

28. Each Response must be filed and served upon the following entities at the following addresses: (a) the Office of the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801; (b) Latham & Watkins LLP, 355 South Grand Avenue, Suite 100, Los Angeles, California 90071, Attn: Ted A. Dillman, Helena G. Tseregounis, and Nicholas J. Messana (emails: ted.dillman@lw.com, helena.tseregounis@lw.com, and nicholas.messana@lw.com); and (c) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Kara Hammond Coyle, and Betsy L. Feldman (emails: mnestor@ycst.com, kcoyle@ycst.com, and bfeldman@ycst.com).

29. <u>Content of Responses</u>: Every Response to this Objection must contain, at a minimum, the following:

    a. a caption setting forth the name of the Court, the above-referenced case number, and the title of this Objection to which the Response is directed;

28108423.1

  b. the name of the claimant and description of the basis for the amount of the Disputed Claim;

  c. a concise statement setting forth the reasons why a particular Disputed Claim should not be disallowed for the reasons set forth in this Objection, including, but not limited to, the specific factual and legal bases upon which the claimant will rely in opposing this Objection at the Hearing;

  d. all documentation or other evidence of the Disputed Claim in question, to the extent not already included with the claimant's Proof of Claim, upon which the claimant will rely in opposing this Objection at the Hearing;

  e. the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Disputed Claim on behalf of the claimant; and

  f. the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) to whom the Plan Administrator should serve any reply to the Response.

30. <u>Timely Response Required; Hearing; Replies</u>:  If a Response is properly and timely filed and served in accordance with the above procedures, the Plan Administrator will endeavor to reach a consensual resolution with the claimant.  If no consensual resolution is reached, the Court will conduct the Hearing with respect to this Objection and the Response on **June 9, 2021, at 1:00 p.m. (ET)**, or such other date and time as parties filing Responses may be notified.  Only those Responses made in writing and timely filed and received will be considered by the Court at any such Hearing.

31. <u>Adjournment of Hearing</u>:  The Plan Administrator reserves the right to adjourn the Hearing on any Disputed Claim included in this Objection.  In the event that the Plan Administrator so adjourns the Hearing, it will state that the Hearing on that particular Disputed Claim has been adjourned on the agenda for the Hearing on this Objection, which agenda will be served on the person designated by the claimant in its Response.

32. If a claimant whose Disputed Claim is subject to this Objection, and who is served with this Objection, fails to file and serve a timely Response in compliance with the foregoing procedures, the Plan Administrator will present to the Court an appropriate order disallowing such Disputed Claim without further notice to the claimant.

33. <u>Separate Contested Matter</u>:  Each of the Disputed Claims and the Plan Administrator's objections thereto as asserted in this Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Plan Administrator requests that any order entered by the Court with respect to an objection asserted herein will be deemed a separate order with respect to each such Disputed Claim.

## **RESERVATION OF RIGHTS**

34. The Plan Administrator expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other Claims (filed or not) that may be asserted against the Debtors and their estates.  Should one or more of the grounds of objection stated in this Objection be dismissed or overruled, the Plan Administrator reserves the right to object to each of the Disputed Claims or any other Proofs of Claim on any other grounds that the Plan Administrator discovers or elects to pursue.

35. Notwithstanding anything contained in this Objection, or the exhibits and schedules attached hereto, nothing herein will be construed as a waiver of any rights that the Plan Administrator may have to enforce rights of setoff against the claimants.

36. Nothing in this Objection will be deemed or construed:  (a) as an admission as to the validity of any Claim or Interest against the s; (b) as a waiver of the Plan Administrator's rights to dispute or otherwise object to any Claim or Interest on any grounds or basis; (c) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Plan Administrator

from asserting any right, claim, defense, or counterclaim; (d) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

## COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3007-1

37. The undersigned representative of the Plan Administrator has reviewed the requirements of Local Rule 3007-1 and certifies that this Objection substantially complies with that Local Rule. To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the Plan Administrator believes such deviations are not material and respectfully request that any such requirement be waived.

38. Additionally, as required by Local Rule 3007-1(e)(vi), the undersigned representative of the Plan Administrator certifies that certain of the Late Filed Claims amend or supersede previously filed Claims. While the previously filed Claims were timely, the Late Filed Claims assert new Claims not asserted in the previously filed Claims that do not relate back to the Claims asserted in the previously filed Claim.

## FURTHER INFORMATION

39. Questions about or requests for additional information about the proposed disposition of the Disputed Claims hereunder should be directed to the Plan Administrator's counsel in writing at the following addresses: (a) Latham & Watkins LLP, 355 South Grand Avenue, Suite 100, Los Angeles, California 90071, Attn: Ted A. Dillman, Helena G. Tseregounis, and Nicholas J. Messana (emails: ted.dillman@lw.com, helena.tseregounis@lw.com, and nicholas.messana@lw.com); and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square,

1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Kara Hammond Coyle, and Betsy L. Feldman (emails: mnestor@ycst.com, kcoyle@ycst.com, and bfeldman@ycst.com).

40. Questions regarding the amount of a Proof of Claim, or the filing of a Proof of Claim, should be directed in writing to Global Eagle Entertainment Inc. Claims Processing Center c/o Prime Clerk LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232. **Claimants should not contact the Clerk of the Court or the U.S. Trustee to discuss the merits of their Disputed Claim or this Objection.**

## NOTICE

41. Notice of this Motion will be provided to (a) the U.S. Trustee (Attn: Timothy J. Fox, Jr.); (b) counsel to the Creditors' Committee, (i) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, New York 10036 (Attn: Philip C. Dublin and Jason P. Rubin) and (ii) Ashby & Geddes, P.A., 500 Delaware Avenue, 8th Floor, Wilmington, DE 19801 (Attn: William P. Bowden and Michael D. DeBaecke); (c) holders of Disputed Claims; and (d) any party that has filed a renewed request for notice in the Chapter 11 Cases pursuant to Local Rule 2002-1 following the occurrence of the Effective Date.

[*Remainder of page left intentionally blank*]

WHEREFORE the Plan Administrator respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 10, 2021
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Betsy L. Feldman*
Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
Betsy L. Feldman (No. 6410)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mnestor@ycst.com
       kcoyle@ycst.com
       bfeldman@ycst.com

-and-

**LATHAM & WATKINS LLP**

George A. Davis (admitted *pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email: george.davis@lw.com

-and-

Ted A. Dillman (admitted *pro hac vice*)
Helena G. Tseregounis (admitted *pro hac vice*)
Nicholas J. Messana (admitted *pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email: ted.dillman@lw.com
       helena.tseregounis@lw.com
       nicholas.messana@lw.com

*Counsel for Plan Administrator*

28108423.1