**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------- x
:
In re:                                                        :    Chapter 11
                                                              :
GLOBAL EAGLE ENTERTAINMENT              :    Case No. 20-11835 (JTD)
INC., *et al.*,[1]                                         :
                                                              :    (Jointly Administered)
         Debtors.                                        :
                                                              :    **Re: Docket No. 925**
------------------------------------------------------- x

### ORDER SUSTAINING PLAN ADMINISTRATOR'S FOURTH OMNIBUS OBJECTION TO CLAIMS (NON-SUBSTANTIVE)

Upon the objection (the "**Objection**")[2] of Alvarez & Marsal North America, LLC, as plan administrator (the "**Plan Administrator**") for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to the Disputed Claims set forth on Schedules 1 and 2 hereto, all as more fully set forth in the Objection; and this Court having reviewed the Objection; and this Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: Global Eagle Entertainment Inc. (7800), Airline Media Productions, Inc. (2314), Emerging Markets Communications, LLC (0735), Entertainment in Motion, Inc. (3908), Global Eagle Entertainment Operations Solutions, Inc. (3375), Global Eagle Services, LLC (7899), Global Eagle Telecom Licensing Subsidiary LLC (2547), IFE Services (USA), Inc. (2120), Inflight Productions USA Inc. (8493), Maritime Telecommunications Network, Inc. (9974), MTN Government Services, Inc. (6069), MTN International, Inc. (8559), MTN License Corp. (0314), N44HQ, LLC (0570), Post Modern Edit, Inc. (6256), Row 44, Inc. (2959), and The Lab Aero, Inc. (9831). The Debtors' address is 1821 E. Dyer Road, Suite 125, Santa Ana, California 92705.

[2] Capitalized terms used but not otherwise defined herein have the same meanings ascribed to such terms in the Objection.

28016199.1

this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Objection has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Objection is GRANTED, as set forth herein.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3. The Amended Claims listed in the column titled "Claims to be Disallowed" on the attached Schedule 1 are disallowed and expunged in their entirety. The Claims listed in the column titled "Remaining Claims" on the attached Schedule 1 shall remain on the Claims Register, subject to the Plan Administrator's further objections on any substantive or non-substantive grounds.

4. The Late-Filed Claims listed on the attached Schedule 2 are disallowed and expunged in their entirety.

5. This Order shall be deemed a separate order with respect to each of the Disputed Claims identified on Schedules 1 and 2. Any stay of this Order pending appeal by any of the claimants whose Disputed Claim(s) are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

6. The Plan Administrator, the Debtors, and Prime Clerk are authorized to take all actions necessary and appropriate to give effect to this Order.

7. Prime Clerk is authorized to modify the Claims Register to comport with the relief granted by this Order.

8. Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Plan Administrator may have to enforce rights of setoff against the claimants.

9. Nothing in the Objection or this Order shall be deemed or construed: (a) as an admission as to the validity of any Claim or Interest against the Debtors; (b) as a waiver of the Plan Administrator's rights to dispute or otherwise object to any Claim or Interest on any grounds or basis; (c) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Plan Administrator from asserting any right, claim, defense, or counterclaim; (d) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

10. The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

11. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: May 13th, 2021
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

28016199.1