**EXHIBIT B**

**Kinealy Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
:
In re:                                          :    Chapter 11
:
EEG GLIDER INC.,[1]                             :    Case No. 20-11835 (JTD)
:
    Debtor.                                     :
:
------------------------------------------------------- x

## DECLARATION OF PAUL KINEALY IN
## SUPPORT OF PLAN ADMINISTRATOR'S EIGHTH
## OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

Pursuant to 28 U.S.C. § 1746, I, Paul Kinealy, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am a Senior Director with Alvarez & Marsal North America, LLC ("**A&M**" or the "**Plan Administrator**"), a restructuring advisory services firm that has been retained by the Debtors to serve as its financial advisor in the Chapter 11 Cases and is now acting as Plan Administrator. As a result of this work, I am generally familiar with the Debtors' day-to-day business operations and affairs, the Books and Records, and the Debtors' chapter 11 efforts.

2. I submit this declaration (this "**Declaration**") in support of the *Plan Administrator's Eighth Omnibus Objection to Claims (Substantive)* (the "**Objection**").[2]

---

[1] The last four digits of the Debtor's federal tax identification number are 7800 and the Debtor's address is 655 15th Street, NW, Suite 600, Washington, DC 20005. The chapter 11 cases of the following affiliates of the Debtor were closed effective as of June 9, 2021: EEG I LLC (f/k/a Airline Media Productions, Inc.) (2314), Emerging Markets Communications, LLC (0735), Entertainment in Motion, LLC (f/k/a Entertainment in Motion, Inc.) (3908), EEG 2 LLC (f/k/a Global Eagle Entertainment Operations Solutions, Inc.) (3375), Global Eagle Services, LLC (7899), Global Eagle Telecom Licensing Subsidiary LLC (2547), IFE Services (USA), LLC (f/k/a IFE Services (USA), Inc. (2120), Inflight Productions USA, LLC (f/k/a Inflight Productions USA Inc. (8493), EEG 3 LLC (f/k/a Maritime Telecommunications Network, Inc. (9974), MTN Government Services (6069), MTN International, LLC (f/k/a MTN International, Inc.) (8559), MTN License LLC (f/k/a MTN License Corp.) (0314), N44HQ, LLC (0570), EEG 4 LLC (f/k/a Post Modern Edit, Inc.) (6256), Row 44, LLC (f/k/a Row 44, Inc.) (2959), and The Lab Aero, LLC (f/k/a The Lab Aero, Inc.) (9831). *See* Chapter 11 Case No. 20-11835 (JTD), Docket No. 1018.

[2] All capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Objection.

3. I have reviewed the Objection and am directly, or by and through other personnel or representatives of the Plan Administrator and the Debtors, reasonably familiar with the information contained therein, the Proposed Order, and the schedules attached to the Proposed Order. I am authorized to execute this Declaration on behalf of the Debtors.

4. In preparing this Declaration, I reviewed the Claims Register maintained by Prime Clerk, which contains the record of all parties that filed Proofs of Claim in connection with the Chapter 11 Cases. Additionally, I or other employees of A&M working under my supervision reviewed each of the Proofs of Claim that is the subject of the Objection.

5. Except as otherwise indicated, all facts set forth in this Declaration are based on my personal knowledge of the Debtors' operations and finances, my review of the Proofs of Claim and Claims Register, information received from other members of A&M, the Debtors, or the Debtors' other advisors, or upon my experience and knowledge of the Claims reconciliation process in the Chapter 11 Cases. As to matters regarding state and federal law, including bankruptcy law, I have relied on the advice of counsel. If called upon to testify, I would testify competently to the facts set forth herein.

**A.    No Liability Claims**

1. I, along with other employees of A&M, reviewed each of the No Liability Claims listed on Schedule 1 to the Proposed Order to determine the bases upon which liability was asserted against the Debtors. This process included a review of each of the proofs of claim filed and any supporting documentation for each No Liability Claim.

2. The No Liability Claims were reviewed to confirm that each Claim is a claim for which the Debtors are not liable. The No Liability Claims on Schedule 1 to the Proposed Order

constitute claims that are not reflected in the Books and Records. Based on the foregoing, I believe that the No Liability Claims should be disallowed and expunged in their entirety.

**B.** **Reduce and Allow Claims**

6. I, along with other employees of A&M, reviewed each of the Reduce and Allow Claims listed on Schedule 2 to the Proposed Order to determine the bases upon which liability was asserted against the Debtors. This process included a review of each of the Proofs of Claim filed and any supporting documentation for each Reduce and Allow Claim.

7. Based upon this review, I believe that each of the Reduce and Allow Claims should be modified, reduced, and allowed in the amounts listed on Schedule 2 to the Proposed Order. The amount listed in such column for each Reduce and Allow Claim represents the fair, accurate, and reasonable value of the Reduce and Allow Claims as reflected in the Books and Records.

**C.** **Substantive Duplicate Claims**

3. I, along with other employees of A&M, reviewed each of the Substantive Duplicate Claims listed on Schedule 3 to the Proposed Order to determine the bases upon which liability was asserted against the Debtors. This process included a review of each of the proofs of claim filed and any supporting documentation for each Substantive Duplicate Claim.

4. Based upon this review, I believe that the Substantive Duplicate Claims identified on the "Claims to Be Disallowed" column on Schedule 3 to the Proposed Order, duplicates amounts requested in the subsequently filed claims identified in the "Remaining Claims" column on Schedule 3 to the Proposed Order. Failure to disallow and expunge the Substantive Duplicate Claims could result in the applicable claimants receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors. Moreover, elimination of the Substantive Duplicate Claims will enable the Debtors to maintain a more accurate Claims Register.

As such, I believe the disallowance and expungement of the Substantive Duplicate Claims on the terms set forth in the Objection is appropriate.

8.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on  July 27, 2021

*/s/ Paul Kinealy*
Paul Kinealy
Senior Director
Alvarez & Marsal North America, LLC