IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
:
In re:                                    :   Chapter 11
:
EEG GLIDER INC.,[1]                       :   Case No. 20-11835 (JTD)
:
Debtor.                           :   **RE: Docket No. 975**
:
---------------------------------------------------------- x

**CERTIFICATION OF COUNSEL REGARDING PLAN ADMINSTRATOR'S SEVENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)**

On May 10, 2021, the Plan Administrator in the above-captioned cases filed the *Plan Administrator's Seventh Omnibus Objection to Claims (Substantive)* [D.I. 975] (the "**Objection**").[2] After the filing of the Objection, American Airlines, Inc. (the "**Claimant**" and together with the Plan Administrator, the "**Parties**") submitted an informal response to the Objection as it pertains to Disputed Claim number 473 (the "**Response**").

Since then, the Parties have reached a resolution of the Response, which resolution is embodied in the proposed form of order attached hereto as **Exhibit A** (the "**Proposed Order**").[3]

---

[1] The last four digits of the Debtor's federal tax identification number are 7800, and the Debtor's address is 655 15th Street, NW, Suite 600, Washington, DC 20005. The chapter 11 cases of the following affiliates of the Debtor were closed effective as of June 9, 2021: EEG I LLC (f/k/a Airline Media Productions, Inc.) (2314), Emerging Markets Communications, LLC (0735), Entertainment in Motion, LLC (f/k/a Entertainment in Motion, Inc.) (3908), EEG 2 LLC (f/k/a Global Eagle Entertainment Operations Solutions, Inc.) (3375), Global Eagle Services, LLC (7899), Global Eagle Telecom Licensing Subsidiary LLC (2547), IFE Services (USA), LLC (f/k/a IFE Services (USA), Inc. (2120), Inflight Productions USA, LLC (f/k/a Inflight Productions USA Inc. (8493), EEG 3 LLC (f/k/a Maritime Telecommunications Network, Inc. (9974), MTN Government Services (6069), MTN International, LLC (f/k/a MTN International, Inc.) (8559), MTN License LLC (f/k/a MTN License Corp.) (0314), N44HQ, LLC (0570), EEG 4 LLC (f/k/a Post Modern Edit, Inc.) (6256), Row 44, LLC (f/k/a Row 44, Inc.) (2959), and The Lab Aero, LLC (f/k/a The Lab Aero, Inc.) (9831). *See* Chapter 11 Case No. 20-11835 (JTD), Docket No. 1018.

[2] Capitalized terms used but not otherwise defined herein have the same meanings ascribed to such terms in the Objection or the Plan, as applicable

[3] Nothing in the Proposed Order is intended to amend, modify, or otherwise affect that certain *Order Sustaining Plan Administrator's Seventh Omnibus Objection to Claims (Substantive)* [D.I. 1012], previously entered with respect to the Objection.

28776236.1

The Plan Administrator submits that the Proposed Order is appropriate and consistent with the Objection and the Parties' discussions, and that entry of the Proposed Order is in the best interests of the Debtor, its estate, and its creditors. The Claimant has consented to the Court's entry of the Proposed Order.

WHEREFORE, the Plan Administrator respectfully requests that the Court enter the Proposed Order at the earliest convenience of the Court without further notice or hearing.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: November 4, 2021<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Betsy L. Feldman*<br>Michael R. Nestor (No. 3526)<br>Kara Hammond Coyle (No. 4410)<br>Betsy L. Feldman (No. 6410)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: mnestor@ycst.com<br>        kcoyle@ycst.com<br>        bfeldman@ycst.com<br><br>-and-<br><br>**LATHAM & WATKINS LLP**<br><br>Ted A. Dillman (admitted *pro hac vice*)<br>Helena G. Tseregounis (admitted *pro hac vice*)<br>Nicholas J. Messana (admitted *pro hac vice*)<br>355 South Grand Avenue, Suite 100<br>Los Angeles, California 90071<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br>Email: ted.dillman@lw.com<br>        helena.tseregounis@lw.com<br>        nicholas.messana@lw.com<br><br>-and-<br><br>George A. Davis (admitted *pro hac vice*)<br>Jonathan J. Weichselbaum (admitted *pro hac vice*)<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>Email: george.davis@lw.com<br>        jon.weichselbaum@lw.com<br><br>*Counsel for Plan Administrator* |

# Exhibit A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
:
In re: : Chapter 11
:
EEG GLIDER INC.,[1] : Case No. 20-11835 (JTD)
:
Debtor. : **RE: Docket Nos. 975 & ___**
:
------------------------------------------------------- x

## ORDER SUSTAINING PLAN ADMINISTRATOR'S SEVENTH OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)

Upon the objection [Docket No. 975] (the "**Objection**")[2] of Alvarez & Marsal North America, LLC, as plan administrator (the "**Plan Administrator**") for the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"); and this Court having reviewed the Objection and the Kinealy Declaration; and this Court having jurisdiction to consider the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the

---

[1] The last four digits of the Debtor's federal tax identification number are 7800, and the Debtor's address is 655 15th Street, NW, Suite 600, Washington, DC 20005. The chapter 11 cases of the following affiliates of the Debtor were closed effective as of June 9, 2021: EEG 1 LLC (f/k/a Airline Media Productions, Inc.) (2314), Emerging Markets Communications, LLC (0735), Entertainment in Motion, LLC (f/k/a Entertainment in Motion, Inc.) (3908), EEG 2 LLC (f/k/a Global Eagle Entertainment Operations Solutions, Inc.) (3375), Global Eagle Services, LLC (7899), Global Eagle Telecom Licensing Subsidiary LLC (2547), IFE Services (USA), LLC (f/k/a IFE Services (USA), Inc. (2120), Inflight Productions USA, LLC (f/k/a Inflight Productions USA Inc. (8493), EEG 3 LLC (f/k/a Maritime Telecommunications Network, Inc. (9974), MTN Government Services (6069), MTN International, LLC (f/k/a MTN International, Inc.) (8559), MTN License LLC (f/k/a MTN License Corp.) (0314), N44HQ, LLC (0570), EEG 4 LLC (f/k/a Post Modern Edit, Inc.) (6256), Row 44, LLC (f/k/a Row 44, Inc.) (2959), and The Lab Aero, LLC (f/k/a The Lab Aero, Inc.) (9831). *See* Chapter 11 Case No. 20-11835 (JTD), Docket No. 1018.

[2] Capitalized terms used but not otherwise defined herein have the same meanings ascribed to such terms in the Objection or the Plan, as applicable.

28686223.3

Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Objection has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Objection is GRANTED in part, as set forth herein.

2. In full and final satisfaction and resolution of the proof of claim assigned claim number 473 (the "**Disputed Claim**") filed by American Airlines, Inc. (the "**Claimant**"), the Disputed Claim, which was filed as a secured claim in the amount of $1,546,465.76, shall be an Allowed Claim in the amount of $1,332,123.03, of which (i) $932,123.03 shall be treated as an Allowed General Unsecured Claim (the "**Allowed General Unsecured Claim**"), and (ii) $400,000.00 shall be treated as an Allowed Secured Claim (the "**Allowed Secured Claim**").

3. The Allowed Secured Claim shall be satisfied by American Airlines' setting off $400,000.00 of invoices due from American Airlines to the Debtors.

4. Except as set forth in paragraph 2, nothing in this Order or the Objection independently authorizes American Airlines to offset amounts that may be due from American Airlines to the Debtors, their affiliates, or their non-debtor affiliates. However, nothing in this Order or the Objection affects the rights of American to setoff against non-debtor affiliates, to the extent such setoff is permitted by law. Further, nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the parties may have to enforce or defend rights of setoff against American Airlines, the Debtors, their affiliates, or their non-debtor affiliates.

28686223.3

5. The Plan Administrator, the Debtors, and Prime Clerk are authorized to take all actions necessary and appropriate to give effect to this Order.

6. Prime Clerk is authorized to modify the Claims Register to comport with the relief granted by this Order.

7. Except for the Allowed General Unsecured Claim and the Allowed Secured Claim set forth in paragraph 2, nothing in the Objection or this Order shall be deemed or construed: (a) as an admission as to the validity of any Claim or Interest against the Debtors; (b) as a waiver of the Plan Administrator's rights to dispute or otherwise object to any other Claim or Interest on any grounds or basis; (c) to waive or release any right, claim, defense, or counterclaim of the Debtors, or to estop the Plan Administrator from asserting any right, claim, defense, or counterclaim; (d) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (e) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

8. The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

28686223.3