IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------- x
: 
In re: : Chapter 11
:
EEG GLIDER INC.,[1] : Case No. 20-11835 (JTD)
:
Debtor. : Ref. Docket No. 1103
:
------------------------------------------------------- x

## FINAL DECREE AND ORDER CLOSING THE POST-EFFECTIVE DATE DEBTOR'S CHAPTER 11 CASE AND TERMINATING ALL CLAIMS AND NOTICING SERVICES

Upon consideration of the motion (the "**Motion**")[2] of Mark Roberts, as plan administrator (the "**Plan Administrator**") for the above-captioned debtor and debtor in possession (the "**Debtor**" and together with its affiliated debtors and debtors in possession before the effective date of the chapter 11 plan confirmed by this Court, the "**Debtors**"), for the entry of a final decree (this "**Final Decree and Order**") closing this Chapter 11 Case and terminating the Claims and Noticing Services, pursuant to section 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3022 of the Federal Rules of Bankruptcy Procedure, and Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

---

[1] The last four digits of the Debtor's federal tax identification number are 7800, and the Debtor's address is 655 15th Street, NW, Suite 600, Washington, DC 20005. The chapter 11 cases of the following affiliates of the Debtor were closed effective as of June 9, 2021: EEG I LLC (f/k/a Airline Media Productions, Inc.) (2314), Emerging Markets Communications, LLC (0735), Entertainment in Motion, LLC (f/k/a Entertainment in Motion, Inc.) (3908), EEG 2 LLC (f/k/a Global Eagle Entertainment Operations Solutions, Inc.) (3375), Global Eagle Services, LLC (7899), Global Eagle Telecom Licensing Subsidiary LLC (2547), IFE Services (USA), LLC (f/k/a IFE Services (USA), Inc. (2120), Inflight Productions USA, LLC (f/k/a Inflight Productions USA Inc. (8493), EEG 3 LLC (f/k/a Maritime Telecommunications Network, Inc. (9974), MTN Government Services (6069), MTN International, LLC (f/k/a MTN International, Inc.) (8559), MTN License LLC (f/k/a MTN License Corp.) (0314), N44HQ, LLC (0570), EEG 4 LLC (f/k/a Post Modern Edit, Inc.) (6256), Row 44, LLC (f/k/a Row 44, Inc.) (2959), and The Lab Aero, LLC (f/k/a The Lab Aero, Inc.) (9831). *See* Chapter 11 Case No. 20-11835 (JTD), Docket No. 1018.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

28789864.3

for the District of Delaware (the "**Local Rules**"); and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that due and adequate notice of the Motion has been given under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Chapter 11 Case of EEG Glider Inc., Case No. 20-11835 (JTD), is hereby closed.

3. The Plan Administrator shall provide to the U.S. Trustee all quarterly reports not already filed, including reports for any partial quarter, within fourteen (14) days after entry of this Final Decree and Order, and pay any fees due to the U.S. Trustee pursuant to 28 U.S.C. § 1930, including fees for disbursements up through the date of entry of this Final Decree and Order, even if for a partial quarter ("**Quarterly Fees**"), within 21 days after entry of this Final Decree and Order; provided, however, that if the Plan Administrator seeks to dissolve the Debtor prior to 21 days after the entry of this Final Decree and Order, the Plan Administrator shall pay all Quarterly Fees to the U.S. Trustee prior to dissolving.

4. Entry of this Final Decree and Order is without prejudice to the rights of the Plan Administrator, the Debtor or other parties in interest to seek to reopen this Chapter 11 Case for cause pursuant to section 350(b) of the Bankruptcy Code.

5. The Claims and Noticing Services are terminated upon the completion of the services listed in the immediately following paragraph. Thereafter, Prime Clerk shall have no

28789864.3

further obligations to this Court, the Plan Administrator, the Debtor or any other party in interest with respect to the Claims and Noticing Services in this Chapter 11 Case.

6. Pursuant to Local Rule 2002-1(f)(ix), within twenty-eight (28) days of entry of this Final Decree and Order, Prime Clerk shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF and (c) docket a final claims register in the lead case containing claims of all cases. Prime Clerk shall also box and deliver all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

7. The Plan Administrator and its agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree and Order.

8. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree and Order shall be immediately effective and enforceable upon its entry.

9. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Final Decree and Order.

**Dated: December 17th, 2021**  
**Wilmington, Delaware**

**JOHN T. DORSEY**  
**UNITED STATES BANKRUPTCY JUDGE**

28789864.3

3